**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**
**CIVIL ACTION NO. 3:07CV-21-H**

**DONNA CRAWFORD** *et al.*                                                                **PLAINTIFFS**

**v.**

**CHILD PROTECTIVE SERVICES** *et al.*                                       **DEFENDANTS**

**MEMORANDUM OPINION**

Plaintiff Donna Crawford (hereinafter "Crawford") filed a *pro se* complaint in her own name and on behalf of her minor children, S.T. and D.T. As Defendants, she names Child Protective Services ("CPS"), the Cabinet for Children and Families, the Commonwealth of Kentucky, Michelle Lopew, Robin Storm, Julie Ledford, Mr. Birdwhistle, Mrs. Quarters, and Sheena Rivers. This matter is before the Court on preliminary review of the complaint pursuant to 28 U.S.C. § 1915(e) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons that follow, the instant action will be dismissed.

**I.**

As grounds for filing this case in federal court, Crawford writes, "I base this complaint on discrimination and nation orgin. When I lived on Rowan Street . . CPS came and took all the children every house in the apartment building . . . All the children were black - Some of the worker were white but had black children." In the statement-of-claim portion of the complaint form, Crawford reports that "all the black children . . . [were] removed by CPS this past summer 06 . . . . We were harassed, followed, called on the phone . . . [and] no notices or certified copies were ever filed." She claims that social workers have lied and falsified documents since 2005 and that they continue to break laws. She further claims that CPS has (1) "acted as a

'Tortefeasor' through out their investigative and enactment of services and filed false and derrogatory paperwork to the federal government"; (2) consistently "attacked and defamed the character and standing [of her and her family] in the community"; (3) strung her and her family along "in order to spend up required amount of time required by federal rules to enact adoption process"; and (4) misled the judge in the dependency case by presenting false testimony and false accusations. According to Crawford, "It is an outrage the criminal kidnapping facilitated by CPS legal umbrella under the color of state law."

As relief, Crawford seeks the return of minor D.T. and, if D.T. has been adopted, she seeks that the adoption be overturned. She additionally requests "counseling money, pain and suffering money, and punitive damages."

## II.

The federal *in forma pauperis* statute mandates that a trial court shall dismiss a civil action at any time, if the court determines that an action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted, "only if it appears

2

beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000).

While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall*, 454 U.S. 364 (1982) (per curiam), a plaintiff is required to plead more than bare legal conclusions. *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir.1996); *see also Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir.1987). Therefore, the complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory. *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988).

The Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519 (1972). The duty to be less stringent with *pro se* complaints, however, "'does not require a court to conjure allegations on a litigant's behalf,'" *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) (quoting *Erwin v. Edwards*, 22 Fed. Appx. 579, 580 (6th Cir. 2001)), and the Court is not required to create a claim for the *pro se* plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the "courts to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## III.

*A. Crawford's claims*

### *1. Commonwealth of Kentucky, CPS, and Cabinet for Children and Families*

Although not so specified by Crawford, because Crawford alleges claims of discrimination against the Commonwealth of Kentucky and two of its agencies, the Court construes this action as being brought under 42 U.S.C. § 1983. *Thomas v. Shipka*, 818 F.2d 496, 500 (6th Cir. 1987), *vacated and remanded on other grounds*, 488 U.S. 1036 (1989) ("[I]t is unnecessary and needlessly redundant to imply a cause of action arising directly under the Constitution where Congress has already provided a statutory remedy of equal effectiveness through which the plaintiff could have vindicated her constitutional rights.").

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. As such, it has two basic requirements: (1) the deprivation of federal statutory or constitutional rights by (2) a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Absent either element, no § 1983 claim exists. *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

In the instant case, the Commonwealth of Kentucky, CPS, and the Cabinet for Children and Families are not "persons" acting under color of state law for § 1983 purposes. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Crawford, therefore, fails to state a claim for relief against these Defendants. Additionally, a state and its agencies may not be sued in federal court, regardless of the relief sought, unless the state has waived its sovereign immunity


under the Eleventh Amendment[1] or Congress has overridden it. *Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). In enacting § l983, Congress did not intend to override the traditional sovereign immunity of the states. *Whittington v. Milby*, 928 F.2d l88 (6th Cir. 1991). Therefore, the claims against the Commonwealth of Kentucky, CPS, and the Cabinet for Children and Families are also barred by the Eleventh Amendment. *See Robinson v. Child Protective Servs.*, No. 3:07CV-39-R, 2007 WL 1959170, at *2 (W.D. Ky. June 29, 2007).

### *2. Remaining Defendants*

Crawford additionally sues Michelle Lopew, Robin Storm, Julie Ledford, Mr. Birdwhistle, Mrs. Quarters, and Sheena Rivers. However, other than identifying those individuals as Defendants, Crawford wholly fails to mention them anywhere else in the complaint. While the Court is aware of its duty to construe *pro se* complaints liberally, Crawford is not absolved of her duty to comply with the Federal Rules of Civil Procedure by providing Defendants with "fair notice of the basis for [her] claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). To state a claim for relief, Crawford must show how each Defendant is accountable because the Defendant was personally involved in the acts about which Crawford complains. *See Rizzo v. Goode*, 423 U.S. 362, 375-76 (1976). Because Crawford has not alleged any facts involving the remaining Defendants, the complaint fails to state any claims for relief against them.

---

[1] The Eleventh Amendment to the United States Constitution states, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."

### 3. *State-law claims*

To the extent that Crawford is seeking to pursue any state-law claims against any of the Defendants, the Court declines to exercise supplemental jurisdiction over those claims. Section 1367(c) of Title 28 of the United States Code provides, in pertinent part, as follows: "The district courts may decline to exercise supplemental jurisdiction over a claim . . if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Having dismissed all federal claims over which the Court has original jurisdiction, the Court declines to exercise supplemental jurisdiction over any remaining state-law claim that Crawford may be attempting to bring. § 1367(c)(3). Consequently, the state-law claims will be dismissed without prejudice.

### B. *Claims brought on behalf of Crawford's minor children*

"Although 28 U.S.C. § 1654 provides that '[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel,' that statute does not permit plaintiffs to appear *pro se* where interests other than their own are at stake." *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002); *Gonzales v. Wyatt*, 157 F.3d 1016, 1021 (5th Cir. 1998) ("[I]n federal court a party can represent himself or be represented by an attorney, but cannot be represented by a nonlawyer."). Consequently, in a civil rights action, "parents cannot appear *pro se* on behalf of their minor children because a minor's personal cause of action is her own and does not belong to her parent or representative." *Shepherd v. Wellman*, 313 F.3d at 970 (a § 1983 action)[2] (citing *Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d

---

[2] Recently, in *Winkleman ex rel. Winkelman v. Parma City Sch. Dist.*, -- U.S. --, 127 S. Ct. 1994 (2007), the U.S. Supreme Court found that parents have "independent, enforceable rights under IDEA [Individuals with Disabilities Education Act]." *Id.* at 2002 ("The parents enjoy enforceable rights at the administrative stage, and it would be inconsistent with the statutory scheme to bar them from continuing

Cir. 1990));[3] *Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986) (holding, in a § 1983 action, that "under Fed. R. Civ. P. 17(c) and 28 U.S.C. § 1654, a minor child cannot bring suit through a parent acting as next friend if the parent is not represented by an attorney").

For these reasons, Donna Crawford, a lay person, cannot bring this action on behalf of her minor children without legal representation. Therefore, the claims asserted on behalf of S.T. and D.T. will be dismissed without prejudice. Should Crawford wish to pursue her minor children's claims, she must obtain counsel.

The Court will enter an Order consistent with this Memorandum Opinion.

Date:

cc:     Plaintiff Crawford, *pro se*
4412.005

---

to assert these rights in federal court."). Crawford has not alleged any facts, even liberally construed, which would state a claim under the IDEA, and Crawford has failed to demonstrate that any of the claims asserted on behalf of her minor children are not personal to them. As the Supreme Court in *Winkleman* specifically declined to "reach petitioners' alternative argument, which concerns whether IDEA entitles parents to litigate their child's claims *pro se*," *id.* at 2007, controlling case law continues to prohibit Crawford's *pro se* representation of her minor children's claims.

[3]In *Cheung*, 906 F.2d at 61, the Second Circuit, in a federal civil rights case, observed:

> It goes without saying that it is not in the interests of minors or incompetents that they be represented by non-attorneys. Where they have claims that require adjudication, they are entitled to trained legal assistance so their rights may be fully protected. There is nothing in the guardian-minor relationship that suggests that the minor's interests would be furthered by representation by the non-attorney guardian.